UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VERNA BRAZIER,**

                **Plaintiff,**

v.                                                                                             Case No.  8:04-cv-1538-T-23MSS

**DEBT RECOVERY, INC.,**

                **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**THIS MATTER** is before the Court for consideration of Plaintiff's counsel's Motion for Attorney Fees and Memorandum in Support of Attorney Fees (the "Motion for Attorney Fees")(Dkts. 37 and 38).  Defendant failed to file a response to the Motion for Attorney Fees.  The District Court Judge referred this matter to the Undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b) (Dkt. 39).  The Undersigned, having considered the Motion for Attorney Fees, and being otherwise fully advised, recommends that the Motion for Attorney Fees (Dkt. 37) be **GRANTED in PART and DENIED in part**.

     **A.**       **Background**

On July 1, 2004, Plaintiff filed suit against Defendant alleging violations of the Fair Debt Collection Practices Act, 15 USC §1692 ("FDCPA") and Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-78.  On March 18, 2005, the Court entered a Default against the Defendant and awarded Plaintiff $2,000.00 (Dkt. 26).  Plaintiff's counsel then had fourteen days in which to file his Motion for Attorney Fees.  Plaintiff's counsel filed his motion within the time allotted (Dkt.

37).

### B. Attorney Fees, Costs and Other Motions

Plaintiff's counsel claims that he is entitled to recover $300.00 per hour for all time expended in this matter. When calculated over the 31.50 hours that he claims he spent on this case, Plaintiff's counsel would be entitled to $9,450.00 in attorney fees. Plaintiff's counsel also seeks costs in the amount of $283.75 ($150.00 filing fee, $40.00 for service of process and $93.75 for copies). Finally, Plaintiff's counsel asserts that he is entitled to a supplemental award of attorney fees for the time expended upon the filing of this motion and informs the Court that an additional motion and brief will be provided to the Court when the "work of Plaintiff's counsel is completed" (Dkt. 37 at 13).

#### 1. Attorney Fees

Section 1692k (a)(3) of the FDCPA permits an award of attorney fees. The starting point for determining the amount of a reasonable fee is the determination of a lodestar rate, or the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate for work performed by similarly-situated attorneys. See e.g. Doucet v. Chilton County Board of Education, 63 F. Supp. 2d 1249, 1259 (M.D. Ala. 1999) (citing Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). This lodestar figure presumptively includes the twelve factors adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974). Id. at 1299. These factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the

nature and length of the professional relationship with the client, and (12) awards in similar cases. The Eleventh Circuit has specifically expressed its approval of the district courts' consideration of the "Johnson" factors when establishing a reasonable hourly rate. See Loranger v. Stierheim, 10 F.3d 776, 781 n.6 (11th Cir. 1994). Additionally, a court may rely on its own knowledge, experience and expertise in determining a reasonable hourly rate. Casden v. JBC Legal Group, P.C., 2005 WL 165383, *2 (S.D. Fla. 2005)(citing Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1292 (11th Cir. 1988)). The burden is on the fee applicant to justify the fee amount requested. Loranger at 781.

After applying this calculation, the Court must determine whether any portion of the fee should be adjusted upward or downward. See e.g. Doucet, 63 F.Supp.2d at 1259. The general rule is that the "relevant market" for purposes of determining a reasonable hourly rate is "the place where the case is filed." Cullens v. Georgia Department of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994).

Plaintiff's counsel in this case acknowledges the general rule that the relevant market for purposes of determining a reasonable hourly rate is the place where the case is filed; however, Plaintiff's counsel cites no legal authority supporting his contention that $300.00 per hour is appropriate in this case. While Plaintiff's counsel does submit the Affidavit of Timothy Condon, Esq. (the "Condon Affidavit") in support of his contention that $300.00 per hour is appropriate, the Condon Affidavit attests to the reasonableness of the flat fee, but it does not address the specific hourly rate charged in this case by this attorney (Dkt. 37, Attach. 2). Further, Plaintiff's counsel has not provided the Court with any information as to the Johnson factors or about his credentials that might support an award of $300.00 per hour in this relatively non-complex case.

Thus, the Undersigned finds that Plaintiff's counsel has failed to meet his burden of showing that he is entitled to an hourly rate of $300.00 and recommends instead that Plaintiff's counsel receive $250.00 per hour for services rendered.

An award of $250.00 per hour is within the range of attorney fees awarded in the Middle District of Florida in recent FDCPA cases. The recently decided Gray v. Florida First Financial Group, 359 F.Supp.2d 1316 (M.D. Fla. 2005), provides an example of such. Plaintiff's counsel in the instant case is familiar with Gray because in Gray he represented the Defendant. In Gray, the Court awarded Plaintiffs' attorneys fees ranging from $100.00 per hour (for a law clerk) up to $325.00 per hour (based on Chicago attorney fee rates). However, Plaintiff's local counsel were awarded attorneys' fees at the rate of $200.00 per hour. Considering counsel's experience and local rates, a rate of $250.00 is recommended as reasonable in this case.

Plaintiff's counsel also submits the Condon Affidavit to support his contention that $9,450.00 is a "reasonable attorney's fee to be allowed the Plaintiff's attorney for services in this case to date" (Dkt. 31 at 1). The Condon Affidavit, thus, provides indirect support for Plaintiff's contention that the 31.50 hours he expended on this case are appropriate. After reviewing Plaintiff's counsel's submitted time sheets, the Undersigned reports and recommends that 31.50 hours of work is a reasonable amount of time for the services Plaintiff's counsel provided. Accordingly, the Undersigned Reports and Recommends that the Court award Plaintiff $7,875.00 for the 31.50 hours expended by counsel in this matter calculated at the rate of $250.00 per hour.

**2.    Costs**

The costs sought are reasonable; thus, the Undersigned recommends that Plaintiff be awarded costs in the amount of $283.75 ($150.00 filing fee, $40.00 for service of process and $93.75 for copies).

**3.    Other Motions**

Finally, Plaintiff's counsel asserts that he is entitled to a supplemental award of attorney fees for the time expended upon the filing of this motion and informs the Court that a motion and brief will be provided to the Court when the "work of Plaintiff's counsel is completed" (Dkt. 37 at 13).

The Undersigned recommends that Plaintiff's counsel's request for a supplemental award of attorney fees be **DENIED**. The Brief in Support of Plaintiff's Motion for an Award of Attorney Fees is mere boilerplate pleading. In fact it was clearly used in previous litigation as it bears the name of a different Plaintiff in the Table of Contents and contains no real detail in the "Statement of Facts" section as to the Plaintiff in this case, Ms. Brazier (Dkt. 38, pp. 1 and 5-6). Accordingly, Plaintiff's counsel should not be rewarded again for work for which he presumably has already received compensation and which he did not perform in this case.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on this 12th day of September 2005.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record
Judge Steven D. Merryday

**NOTICE TO THE PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).